BATISTA *v.* TABOAS ET AL.

APPEAL from the District Court of San Juan.

No. 392.—Decided June 14, 1909.

</div>

INTERVENTION OF OWNERSHIP—THIRD PARTIES.—In connection with the matter of the dominion of real property the creditor who obtained a cautionary notice of an attachment made in said property for the security and guaranty of his credit, cannot be considered as a third party, since article 44 of the Mortgage Law, which accords with article 1923, subdivision four, of the old Civil Code, only grants to said creditor a right of preference with respect to the annotated property and with regard to subsequent credits only.

THIRD PARTY—ADMISSION OF UNRECORDED TITLES.—According to the doctrine established by the Supreme Court of Madrid in its decisions of the 17th of May and 12th of December, 1898, the third parties to which sections 23, 25 and 27 of the Mortgage Law refer, are only those who have already recorded their respective titles, with regard to the properties or rights which are in litigation; and the provisions of section 389 of said law, to the effect that no titles subject to be recorded shall be admitted in the courts unless the same shall have been recorded, have reference only to titles which may prejudice third parties, according to the meaning of this phrase under our mortgage system.

The facts are stated in the opinion.

*Mr. José C. Martínez* for appellant.

*Mr. Manuel G. Ginorio* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The preliminary proceedings in this case are stated by counsel for appellant substantially as follows:

Camilo Taboas presented a complaint, before the municipal court of Bayamón, against the Succession of Fidel Figueroa, deceased, for the collection of a sum of money. All the proceedings took place in due order and the court rendered a judgment in his favor on July 10, 1908.

In order to secure the effectiveness of the judgment the court issued an order of execution to the marshal of the court and by reason of said order the property of the Succession Figueroa, the ownership of which is now in litigation, was attached on July 28, 1908. Said property is described as follows:

"Property consisting of 35 *cuerdas* situated in the ward of Negros of the jurisdiction of Corozal, equivalent in its reduction to the metric system of 13 hectares, 72 ares, and 55 centiares, named as 'La Loma del Río de Manatí,' and is bounded on the north by the Succession of Augenio de Rivera; on the south by Doña Amalia Bou, now Don Juan Crispín Vázquez, on the east by Doña Juana Medina, and on the west by Don Antonio Gorgas."

The 28th day of August, 1908, was the day set by the marshal for the sale at auction of the property; and José Manuel Batista, having become acquainted with the fact that the property was to be sold at public auction on the 19th of August, 1908, filed a complaint before the District Court of San Juan as a third party, to try the title to said tract of land.

In the district court the case was set down for trial on November 23, 1908, and testimony was introduced by each party. After hearing all the evidence, the pleadings and the arguments in due course, the court rendered a judgment in favor of the plaintiff in the following words:

"This suit coming on to be heard in open court on the 23d of November, 1908, according to the order in which it was set on the record; both parties appeared through their respective counsel stating that they were ready for the tiral. The plaintiff read his allegations

and afterwards the defendants did the same. Subsequently the parties introduced their evidence in due form, and finally they decided to submit the case on the written briefs which they presented in due time. And the court, considering said allegations, proofs and oral arguments, is of the opinion that the law and the facts are in favor of José Manuel Batista, plaintiff herein, and against Camilo Taboas and the Succession of Fidel Figueroa and Rosalia Rodríguez, which is composed of her children, Manuel, Victoriano and Carmen Figueroa, defendants herein, and therefore that the dominion or ownership of the property attached by the marshal of the municipal court of Byamón in the suit brought before said court by Camilio Taboas against the succession of Fidel Figueroa, exclusively belongs to said plaintiff. Said property is described as follows: 'Property situated in the ward of Negros, of the municipal jurisdiction of Corozal consisting of 35 acres of land with dwelling house roofed of zinc, bounded on the north by the Succession of Eugenio Rivera; on the south by Juan Ciprián Vázquez; on the east by Juan Medina; and on the west by Antonio Gorgas.' The costs are laid on the defendants, and the secretary will issue the proper writ of execution. Rendered in open court on the 20th of January, 1909.''

From this judgment the defendant Taboas in due time appealed and filed the transcript of the record in this court on the sixth of last month. The case was heard on oral argument on the 26th ultimo.

The first and principal question arising on this appeal is the admission in evidence of a certain deed of conveyance and the same is fully stated in the bill of exceptions reserved and presented here by bill of exceptions in proper form reading in substance as follows:

The plaintiff presented in evidence a deed which was executed before the notary Eugenio Benítez Castaño by virtue of which the marshal of the District Court of San Juan, José Labrador sells to José Manuel Batista the property which is the object of this litigation.

The defendant objected to the admission in evidence of said deed because the same had not been recorded in the registry of property, and the court dismissed the objection and admitted the deed as proof.

The defendant took an exception to this finding of the court, basing the same on the fact that the deed which was presented and admitted as proof was prejudicial to the rights of the defendant, who is a third party herein.

The section of the Mortgage Law, which the appellant claims to have been infringed, reads as follows:

"Section 389.—From the time this law goes into operation, no document or instrument which has not been recorded in the registry shall be admitted in the ordinary or special courts or tribunals, in the councils or offices of the Government, by which interests subject to record are created, conveyed, acknowledged, modified, or extinguished, according to the same law, if the object of the presentation be to enforce to the prejudice of third persons, the interests which should have been recorded.

"Notwithstanding the provisions of the preceding article, the document which has not been recorded, but which should have been, may be admitted to the prejudice of third persons, if the object of the presentation be only to corroborate another subsequent instrument which had been recorded.

"This document may also be admitted if it is presented to demand a declaration of nullity and consequent cancellation of some entry which prevents the record of said document."

Of course the case turns on the question of whether or not this statute has been violated in the admission of the deed offered and that depends on the position of defendant, Taboas, as a third party or otherwise.

What is known as a third party under the provisions of the Mortgage Law is sometimes described, in American jurisprudence, as an innocent purchaser, for a valuable consideration, without notice of an adverse claim. We cannot so consider the appellant. In our Civil Code we find a section which settles the status of these parties in unmistakable terms; it reads as follows:

"With regard to determined real property and property rights of the debtor the following are preferred * * *:

"Credits of which a cautionary notice has been made in the registry of property by virtue of a judicial mandate by reason of attach-

ments, sequestrations or execution of judgments, with regard to the property entered therein and only with regard to subsequent credits." (Par. 4 of sec. 1324 of Civil Code of P. R.)

This section was known as article 1923 of the Spanish Civil Code and was often commented on and construed by the courts before this Island passed under the dominion of the United States of America in 1898. Under a decision rendered by the Supreme Court of Spain, on the 25th of October, 1895, we find the following:

"In connection with the matter of the dominion of real property the creditor who obtained a preventive annotation of an attachment made in said property for the security and guaranty of his credit, cannot be considered as a third party, since article 44 of the Mortgage Law which is in accordance with article 1923, No. 4 of the old Civil Code only grants to said creditor a right of preference with respect to the annotated property and with regard to subsequent credits only." (*García Benítez* v. *Manzanedo,* 76 Jurisprudencia Civil, 256.)

The principle is recognized by this court, in a case decided on July 24, 1900. Mr. Justice Figueras, in discussing the admissibility of deeds of conveyance in evidence on trials, refers to the Spanish Jurisprudence and says:

. "According to the doctrine established by the Supreme Court of Madrid in its decisions of the 17th of May and 12th of December, 1898, the third parties to which sections 23, 25 and 27 of the Mortgage Law refer, are only those who have already recorded their respective titles with regard to the properties or rights which are in litigation; and the provisions of section 389 of said law, to the effect that no titles subject to be recorded shall be admitted in the courts unless the same shall have been so recorded, have reference only to titles which may prejudice third parties, according to the meaning of this phrase under our mortgage system." (*Auffant* v. *Valdecilla et al.,* 1 Dec. de P. R., 89.)

Of course if the marshal's deed was properly admitted it takes precedence over the attachment levied on the land involved in dispute by the appellant and establishes the title of the respondent.

There was no error in permitting the proof of the sale of the land from Figueroa to Serra to be made by oral testimony; since there was no objection made thereto on the trial; nor was the point properly reserved by bill of exceptions for consideration here.

It is a disputed question, very difficult to settle from the record, whether or not Taboas, the appellant, had any actual knowledge of the sale made by Figueroa to Serra. But in the view we have taken of the other questions in the case this one needs no discussion.

If other matters claimed attention at the hearing or are mentioned in the only brief filed herein they became immaterial under the view we have taken of the case. The judgment of the court below was correctly rendered and no error has been pointed out, on this appeal, so that in our opinion, it should be in all things affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Hernández and Justices Figueras and Wolf concurred.

Mr. Justice del Toro took no part in the decision of this case.